O’Donnell, J.,
dissenting.
{¶ 29} In my view, the determination of whether two offenses are allied offenses of similar import is a mixed question of law and fact and is made by the trial judge at sentencing. Hence, the statement of the majority that “[i]n cases like this, it is the jury making factual determinations, and the reviewing court owes deference to those determinations, but it owes no deference to the trial court’s application of the law to those facts,” majority opinion at ¶ 26, confuses the work of a jury with that of the court.
{¶ 30} First of all, the jury is not involved in an allied-offense determination. The majority then compounds the error by leaping to the conclusion that “[a]n appellate court should apply a de novo standard of review in reviewing a trial court’s R.C. 2941.25 merger determination.” Majority opinion at ¶ 28. However, because it is a mixed question of law and fact, an appellate court reviews the legal conclusion of whether the offenses are allied using a de novo standard, but because the trial judge is the fact-finder, the trial court’s determinations as to the facts are not reviewable de novo. In fact, the appellate court should defer to the factual findings of the trial court, provided they are supported by some competent, credible evidence. See State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.
{¶ 31} Accordingly, I respectfully dissent.
*490 William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen Sobieski, Assistant Prosecuting Attorney, for appellant.
Jonathan N. Garver, for appellee.